**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
U.S. TRUST BANK, N.A.        :    Civ. No. 3:16CV01562(AWT)
                             :
v.                           :
                             :
SHAWN BYRD and KENYA BYRD    :
                             :    October 7, 2016
-----------------------------x
```

<u>**RECOMMENDED RULING**</u>

Defendants Shawn Byrd and Kenya Byrd ("defendants"), proceeding as self-represented parties, seek to remove to this court an action brought in the Connecticut Superior Court, specifically, an eviction action pending in the Bridgeport Housing Session. Now before the Court is defendants' Motion for Leave to Proceed <u>in</u> <u>Forma</u> <u>Pauperis</u>. [Doc. #2]. For the reasons set forth herein, the Court recommends that defendants' Motion for Leave to Proceed <u>in</u> <u>Forma</u> <u>Pauperis</u> be **DENIED**, and that this matter be **REMANDED** to the state court for lack of federal jurisdiction. To the extent defendants' filing can be construed as a complaint, the Court recommends that it be **DISMISSED**, **with prejudice**, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.   Background**

On September 14, 2016, defendants filed a Notice of Removal from a case pending in the Bridgeport Housing Session of the Connecticut Superior Court. [Doc. #1]. The notice consists of a typewritten letter from defendants requesting to "re-open docket

1

number BPHCV 16600141A." Doc. #1 at 1. Hand-written on the top of this letter are the words "Notice of Removal" and the names of plaintiff and defendants. See id. The case defendants seek to remove appears to be an eviction proceeding; defendants state that their "application for stay of execution summary process was denied" and they seek "a continuance to allow [defendants] to avoid this wrongful eviction." Id.[1] The notice further asserts that defendants have "secured a lender ... to help [them] re-purchase [their] home back." Id.

The eviction proceedings from which defendants seek relief follow the foreclosure of their home. See id.[2] Defendants state that the foreclosure action was filed while they were in the midst of a loan modification with Chase Bank, which apparently sold the mortgage loan during the modification process. See id. Defendants assert that their attorney "received approximately $2,000.00 fee and did not explore options to try to save [their] home." Id. The notice also references a bankruptcy proceeding filed on behalf of Mr. Byrd, to which Mrs. Byrd "never agreed to file bankruptcy at

---

[1] See also U.S. Bank Trust, N.A., as Trustee for LSF9 Master P v. Byrd, No. BPH-CV16-6001451-S (Conn. Super. Ct. July 20, 2016) (judgment for plaintiff).

[2] See also JPMorgan Chase Bank, National Association v. Byrd, No. FBT-CV13-6037969-S (Conn. Super. Ct. Nov. 24, 2014) (judgment of strict foreclosure).

the advice of [Mr. Byrd's] lawyer because ethical reasons." Doc. #1 at 1 (sic).[3]

## II.  Motion for Leave to Proceed in Forma Pauperis

Defendants have filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. [Doc. #2]. Defendants' motion includes a sworn declaration that they are unable to afford to pay fees and costs. See id. at 2, 5.

"The court may deny an application to proceed in forma pauperis if [the applicant] fails to submit the required financial information or fails to demonstrate entitlement to in forma pauperis relief." Whatley v. Astrue, No. 5:11CV1009(NAM)(ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011) report and recommendation adopted, No. 5:2011CV1009, 2011 WL 5196716 (N.D.N.Y. Oct. 31, 2011) (citation omitted). The Court will "consider only the assets and income actually available" to defendants when deciding whether they meet the requirements of 28 U.S.C. §1915(a). Wynn v. Reiber, 173 F.3d 848 (2d Cir. 1999); see also Potnick v. E. State Hosp., 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) (considering applicant's monthly income and debts in appeal of district court's denial of in forma pauperis application).

---

[3] See also In re Byrd, No. 15-50741(AHWS) (Bankr. D. Conn. Sept. 21, 2015) (discharge of debtor).

Defendants list three children as dependents, only two of whom are minors, and report that they collectively earn $6,250 per month from employment. See Doc. #2 at 3. Defendants also identify assets including a bank account with a balance of $1,000, and a 2004 Honda Accord. See id. at 4. Defendants report that their home is in foreclosure and that they do not have a monthly rent or mortgage obligation. See id. Defendants report their only liabilities (other than the mortgage loan at issue) are student loans totaling approximately $18,000, and they list approximately $1,590 in monthly obligations. See id. at 4-5.

Defendants have failed to provide adequate information to establish that they are "unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1). Based on the financial information provided, defendants' monthly gross income of $6,250 and monthly expenditures of $1,590 would leave defendants with $4,660 per month for other expenses. Assuming defendants' take-home pay is approximately two-thirds of their gross income, or $4,166 per month net, they would still be left with $2,576 per month for other expenses. This is more than sufficient to pay the District's current $400 filing fee, and would not require defendants to "forego the necessities of life for [themselves] or [their] dependents[.]" Whatley, 2011 WL 5222908, at *2 (citation and internal quotation marks omitted). It would accordingly appear that defendants' "access to court has not

4

been blocked by indigence; rather, [they are] merely in the position of having to weigh the financial constraints posed if [they] pursue [their action] against the merits of [their] case." Id. (citation and internal quotation marks omitted).

Therefore, the Court **DENIES** the motion to proceed in forma pauperis [**Doc. #2**] in light of the financial information provided. See, e.g., Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008) (finding district court did not abuse its discretion in finding that plaintiff had financial resources to pay the $350 filing fee where the financial affidavits established that plaintiff's monthly income exceeded his monthly obligations by several hundred dollars, he owned his home debt-free with a value of nearly $100,000, and that he owned two automobiles, also debt free); Harris v. Crosshaven Props., Inc., No. 06CV0676(CVE)(SAJ), 2008 WL 2433718, at *1 (N.D. Okla. June 12, 2008) (finding "plaintiff 'clearly has sufficient [income and] assets to warrant the requirement ... that fees be paid[,]'" where plaintiff's "monthly income exceed[ed] her monthly expenses by at least $276" (citation omitted)).

### III. Initial Review

#### A.  Standard of Review

The determination of whether an in forma pauperis applicant should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether

the applicant may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(i),(ii).

The Court has found that the defendants have not established eligibility to proceed in forma pauperis. However, in the interest of efficiency, and because the Court has identified a potential lack of jurisdiction, the Court will proceed to review the merits of the defendants' submission.

**B.    Analysis: Removal Jurisdiction**

"The parties have not raised the issue of removal jurisdiction on this appeal, but it is [the Court's] obligation to do so sua sponte." Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991).

> As the Supreme Court has observed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011), and "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented," because "[s]ubject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, -- U.S. --, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012). For the same reason, the removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Spencer v. Duncaster, Inc., 54 F. Supp. 3d 171, 176 (D. Conn. 2014).

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (quoting Lupo v. Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).

Remand of this matter is appropriate for two reasons. First, the removal is procedurally defective. "The statutory procedure for removal of an action to federal court requires that [the removing party] file the notice of removal within thirty days of his receipt of the initial pleading or summons." Woermer v. Center Bank, No. 3:07CV381(RNC), 2007 WL 1033469, at *1 (D. Conn. Apr. 5, 2007) (citing 28 U.S.C. §1446(b)). Here, the action defendants seek to remove was filed on June 2, 2016. See U.S. Bank Trust, N.A., No. BPH-CV16-6001451-S (Conn. Super. Ct. June 2, 2016) (complaint). The Notice of Removal was filed on September 14, 2016, more than two months after the deadline had passed.

The removal statute also requires that the removing party "file in the district court of the United States ... a short and plain statement of the grounds for removal, together with a copy

7

of all process, pleadings and orders served upon such defendant or defendants in such action." 28 U.S.C. §1446(a). Defendants' filing does not comply with these statutory requirements. Further, the removal statute requires that the removing party "serve written notice of the removal on all adverse parties in the case and serve a copy of the notice with the state court from which the case is removed." Woermer, 2007 WL 1033469, at *1 (citing 28 U.S.C. §1446(d)). Defendants have not provided any evidence showing that they have complied with these requirements.

Second, the removal fails for lack of subject matter jurisdiction. The federal removal statute permits a state court defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." Purdue Pharma, 704 F.3d at 213 (citation and internal quotation marks omitted).

Here, although the Court does not have the benefit of reviewing the underlying complaint, the Notice of Removal makes clear that the state court proceeding which defendants seek to remove is an eviction action, arising out of a foreclosure. The Court does not have jurisdiction to entertain this matter, "as it is well settled that judgments of foreclosure and the landlord-

tenant relationship are fundamentally matters of state law." Muong
v. Fed. Nat. Mortgage Ass'n, No. 13CV6564(KAM), 2013 WL 6667374,
at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases); see also Milord
v. Duran, No. 13CV5451(KAM) 2013 WL 5592622, at *2 (E.D.N.Y. Oct.
10, 2013) ("Accordingly, the court lacks jurisdiction to grant
plaintiff the relief she seeks, and plaintiff's claims relating to
the state foreclosure and eviction proceedings are dismissed.").

Additionally, under the Rooker-Feldman doctrine, federal
district courts lack jurisdiction to review final state court
judgments, such as the one entered in the Bridgeport Housing
Session. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416
(1923). "The claims raised [by defendants] implicate the propriety
of the state judgment of foreclosure and eviction -- the very
issues apparently decided by the state court. Because the Rooker-
Feldman doctrine compels a federal court to give full faith and
credit to the judgments of state courts, see 28 U.S.C. § 1738,
this Court is without subject matter jurisdiction to hear this
case." Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y.
1999); see also Astoria Fed. Sav. & Loan Ass'n v. Arcamone, No.
3:12CV230(WWE), 2012 WL 4355550, at *2 (D. Conn. Sept. 18, 2012)
("Here, Arcamone requests an injunction to prevent the subject
property from being 'stolen' from him, and he seeks an order to
void the foreclosure orders. He also seeks to prevent a related
eviction proceeding. Thus, Arcamone's challenge to a judgment of

9

foreclosure issued by the state superior court satisfies the Rooker-Feldman factors, and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief.").

To the extent defendants seek to remove the state court action on the basis of diversity, defendants fail to set forth any allegations which would support the grounds for diversity jurisdiction. "The removal statute allows for removal on the basis of diversity jurisdiction only if none of the defendants 'is a citizen of the State in which such action is brought.'" Countrywide Home Loans, Inc. v. Young, No. 2:13CV50, 2013 WL 1386289, at *1 (D. Vt. Apr. 4, 2013) (quoting 28 U.S.C. §1441(b)(2)). Because defendants are admittedly residents of Bridgeport, Connecticut, and where there is no federal question jurisdiction, defendants cannot remove the case based on diversity.

Accordingly, the Court finds that there is no valid basis upon which this case may be removed from state court, and this Court lacks jurisdiction over the matter. Pursuant to the removal statute, a case must be remanded, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. §1447(c). Therefore, the Court recommends that this matter be **REMANDED** to the Bridgeport Housing Session of the Connecticut Superior Court.

C.   <u>**Analysis: Merits of Defendants' Filing Construed as a Complaint**</u>

The Court construes <u>pro se</u> claims liberally. <u>See Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. <u>See Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a <u>pro se</u> plaintiff who is proceeding <u>in forma pauperis</u>" to file an amended complaint that attempts to state a claim upon which relief may be granted. <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

Construing the defendants' filing generously, the Court has reviewed it to determine whether it states a claim as an independent complaint. First, as a procedural matter, the letter filed by defendants fails to comply with the Federal Rules of Civil Procedure applicable to pleadings. Rule 10 requires that "[e]very pleading ... have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a). Defendants' filing does not have a proper caption as delineated by Rule 10(a). Defendants' filing also does not comply with Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P.

10(b). Additionally, defendants' filing fails to comply with Rule
8 in that it does not contain a statement of the grounds for the
Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1).

Defendants' filing fails to state a claim upon which relief
may be granted. As noted above, under the Rooker-Feldman doctrine,
federal district courts lack jurisdiction to review final state
court judgments such as the foreclosure and eviction orders at
issue here. See Rooker, 263 U.S. at 416. This "doctrine directs a
federal court to abstain from considering claims when the
following four requirements are met: (1) the plaintiff lost in
state court, (2) the plaintiff complains of injuries caused by the
state court judgment, (3) the plaintiff invites district court
review of that judgment, and (4) the state court judgment was
entered before the plaintiff's federal suit commenced." Braca v.
EMC Mortgage Corp., No. 3:13CV1036(JBA), 2013 WL 4498729, at *4
(D. Conn. Aug. 20, 2013) (quoting McKithen v. Brown, 481 F.3d 89,
97-98 (2d Cir. 2007)). Here, all four requirements cited above are
satisfied: defendants lost in state court; defendants complain of
injuries caused by the eviction judgment, namely the loss of
possession of their home; defendants appear to seek review of the
eviction judgment; and the state court judgment was entered on
July 20, 2016, nearly two months before the defendants commenced
this action. See U.S. Bank Trust, N.A., as Trustee for LSF9 Master

<u>P v. Byrd</u>, No. BPH-CV16-6001451-S (Conn. Super. Ct. July 20, 2016) (judgment for plaintiff); <u>see also</u> Doc. #1.

Defendants' filing also makes allegations regarding the attempted modification of their mortgage loan, asserting, apparently, that their property was wrongly foreclosed upon while a modification was pending. <u>See</u> Doc. #1. To the extent defendants attempt to assert a claim against the holder of their prior mortgage note, that party is not named as a defendant in this action. Any such claims, seeking relief from the state court foreclosure judgment, would also be barred by the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Braca</u>, 2013 WL 4498729, at *4. Accordingly, to the extent that defendants' filing can be construed as a "complaint," the Court recommends that the complaint be **DISMISSED, with prejudice**, for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. §1915(e)(2)(B)(ii). [4]

---

[4] Defendants' filing also references a prior bankruptcy filing by Mr. Byrd: "Lawyer representing case never disclosed to Shawn Byrd, client, that case could not be reopened in the future. Kenya Moales-Byrd, wife and co-signer, never agreed to file bankruptcy at the advice of Shawn's lawyer because ethical reasons. I do not have debt like that to use the scapegoat of 'bankruptcy.'" Doc. #1. It is unclear whether defendants seek to assert a claim related to Mr. Byrd's bankruptcy case, which has been long closed. <u>See</u> <u>In re Byrd</u>, No. 15-50741(AHWS) (Bankr. D. Conn. Sept. 21, 2015) (discharge of debtor). Although the district courts do have jurisdiction to hear bankruptcy appeals, <u>see</u> <u>In re Palm Coast, Matanza Shores Ltd. P'Ship</u>, 101 F.3d 253, 256 (2d Cir. 1996), the time to have appealed from that action has long passed. <u>See</u> Fed. R. Bankr. P. 8002(a)(1) (generally, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."). Moreover, to the extent defendants now claim that the foreclosure violated the

To the extent defendants seek to assert claims against their former mortgage lender, or any other party, that does not challenge the state court's foreclosure and eviction judgments, defendants may initiate a separate action by filing a complaint that complies with the Local and Federal Rules of Civil Procedure.

**IV.  Conclusion**

For the reasons set forth herein, the Court recommends that defendants' Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] be **DENIED**. The Court further recommends that this matter be **REMANDED** to the Bridgeport Housing Session of the Connecticut Superior Court, and that to the extent defendants' filing can be construed as a complaint, that such complaint be **DISMISSED, with prejudice**, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** See Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S.,

---

automatic stay, any such claim "must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d Cir. 2001) (citation omitted).

892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest

Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 7th day of October,

2016.

_____/s/_____

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
